Dykman, J.
This action was commenced in a court of a justice of the peace for the recovery of a balance due the plaintiff for labor and material furnished by him as a carpenter for the defendant. The complaint claims for work, and material to the amount of $741.85 and admits the payment of $688.65 and claims a balance of $53.20. _
_ The plaintiff was called and testified as a witness upon the trial in his own behalf and said he did work for the defendant, part of which was under a contract and a part-was extra services. He was then handed a paper which he said contained all the work he was to do under the contract. The paper was then offered in evidence and received marked as an exhibit without objection, and the plaintiff' *570 was then asked this question: “Did you do what was stated in that contract?” (Objected to; objection overruled; exception.) “I did.”
The plaintiff then testified fully to his claim and specified the work and material in detail.
The defendant was then called as a witness for himself, but made no denial of any of the plaintiff’s testimony.
These were the only witnesses called or examined upon the trial, and the jury rendered a verdict for the plaintiff for the full amount of his claim, and judgment was rendered and entered thereon by the justice of the peace.
Upon appeal to the county court of Queens county, the judgment was reversed for error in the admission of the testimony of the plaintiff respecting the performance of the work stated in the contract, and now the plaintiff has appealed from such judgment of reversal.
In our view the reversal of the county court was erroneous. It was certainly competent and proper and even necessary for the plaintiff to show a performance on his part of the contract with the defendant, and that was all he did. The paper called the contract, contained a specification of the work and materials to be furnished, and to that the defendant made no objection. When the plaintiff was asked a general leading question respecting the performance of what was stated in the contract, that question was not objected to because it was leading or out of form in any way. The objection was general, and as the testimony sought was competent and proper,, it was properly overruled.
The judgment of the county court should be reversed, and the judgment of the justice’s court should be affirmed, with costs to the plaintiff in the county court and upon this appeal.